NUMBER 13-02-648-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JOHN DUNCAN SUPER,                                                            Appellant,

v.
 
THE STATE OF TEXAS, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from the County Court at Law No. 8 
of Harris County, Texas.
                                                                                                                      

OPINION ON REHEARING

Before Justices Yañez, Rodriguez, and Garza
Opinion on Rehearing by Justice Garza
 
          Following a bench trial, appellant, John Duncan Super, was convicted of
misdemeanor assault against his wife, sentenced to thirty days’ confinement probated for
six months, and assessed a fine of $200. On August 5, 2004, this Court affirmed
appellant’s conviction. Super v. State, No. 13-02-648-CR, 2004 Tex. App. LEXIS 7038
(Corpus Christi, August 5, 2004, no pet. h.) (mem. op.). Subsequently, appellant filed a
motion for rehearing and a motion for rehearing en banc. We grant appellant’s motion for
rehearing and deny his motion for rehearing en banc. The Court’s previous opinion in this
case is withdrawn, and this opinion, affirming appellant’s conviction, is issued in its place. 1. Motion to Quash
          In his first issue, appellant claims that the trial court committed reversible error by
denying his motion to quash the information. The information alleged that appellant
“intentionally, knowingly, or recklessly” caused bodily injury to the complainant by “placing”
his hands on complainant’s neck and by placing his hand on her wrist. Appellant contends
that this language failed to give him adequate notice of how the offense was allegedly
committed because the word “cause” is indeterminate and variable and because the word
“placing” is equally as indeterminate and variable.
          The State argues that appellant waived any complaint regarding the word “cause”
by failing to make an objection specifically addressing the word “cause.” We disagree. 
Appellant’s motion to quash challenged the charging instrument’s allegations regarding
causation. Appellant is raising the same complaint on appeal: the word “placing” is
indeterminate and variable. Consequently, we conclude that appellant has preserved this
issue and may raise it on appeal.
          We conclude that the charging instrument gave appellant adequate notice of how
the offense was allegedly committed. The information stated that appellant injured his wife
by placing his hands on her neck and on her wrist. It is this physical contact—placing his
hands on her body—that allegedly resulted in bodily injury and amounted to the offense
of assault. Appellant’s first issue is overruled. 
   
2. Legal and Factual Sufficiency
          In his second and third issues, appellant contends that the evidence is legally and
factually insufficient to support his conviction. Sufficiency of the evidence is measured
against the elements of the offense as defined by the hypothetically correct jury charge for
the case. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge
would accurately set out the law, would be authorized by the indictment, and would not
unnecessarily increase the State’s burden of proof. Id.
          Appellant maintains that the evidence adduced at trial by the State is insufficient
because it does not prove that the complainant suffered bodily injury, which is an element
of assault.


 
A. Legal Sufficiency
          When reviewing the legal sufficiency of evidence, we view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App.
1999). We are not fact finders; our position is that of a due process safeguard to ensure
only the rationality of the trier of fact’s finding of the essential elements of the offense
beyond a reasonable doubt. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988).
          We turn to the record. In the light most favorable to the State, it establishes that the
complainant suffered bodily injury. One witness saw appellant strangling the complainant. 
Several witnesses testified that, at the time of the assault, the complainant screamed:
“help”; “help me”; “help me please”; “stop”; “stop, you’re hurting me”; “let me go”; “ow”; and
“ouch.” Two police officers who arrived on the scene after the incident testified that, at the
time, the complainant appeared to have been crying. She had red marks on her neck and
wrist consistent with harmful physical contact such as by strangulation. Her clothes were
torn. 
          In cases involving circumstantial evidence, such as this, “it is not necessary that
every fact point directly and independently to the defendant’s guilt; it is enough if the
conclusion is warranted by the combined and cumulative force of all the incriminating
circumstances.” See Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). 
From the foregoing evidence, a rational trier of fact could have found beyond a reasonable
doubt that the complainant suffered bodily injury. The evidence is therefore legally
sufficient. Appellant’s second issue is overruled. 
B. Factual Sufficiency
          In a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether “the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury’s finding
“shocks the conscience” or “clearly demonstrates bias.” Santellan v. State, 939 S.W.2d
155, 164-65 (Tex. Crim. App. 1997). We are authorized to disagree with the fact finder’s
verdict even if probative evidence exists that supports the verdict. Id. at 164; see also
Johnson, 23 S.W.3d at 7.
          Viewed in a neutral light, the proof of guilt in this case is not so obviously weak as
to undermine confidence in the fact-finder’s determination. Furthermore, the proof contrary
to the State’s evidence, which consisted mainly of testimony from appellant and his wife
asserting that there was no assault or bodily injury, does not greatly outweigh the proof of
guilt. The trier of fact is the sole judge of the witnesses’ credibility and the weight to be
given their testimony, and it is free to accept or reject all or any part of the testimony of any
witness. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Appellant’s
third issue is overruled.
3. Conclusion
          After consideration of appellant’s three issues and the argument and authorities
presented in support of each, we affirm his conviction for assault.                                                                                     _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
         Tex.R.App.P. 47.2(b)
         Opinion delivered and filed this 
         the 18th day of November, 2004.